JUDGE RONALD GUZMAN

MAGISTRATE JUDGE VALDEZ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08CR  0194**

UNITED STATES OF AMERICA )
) No. _____
) Violations:  Title 18,
v. ) United States Code,
) Sections 1343 and 1014
)
OTTO HEIDENREICH )

**FILED**

J N

MAR 0 4 2008

MAR 04 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

COUNT ONE

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1.    At all times relevant to the indictment, Individuals A,
B, and C owned a residence located at 2001 Milton Avenue,
Northbrook, Illinois (the "Milton property").

2.    Beginning no later than February 2003, and continuing
through May 2003, in the Northern District of Illinois, Eastern
Division,

OTTO HEIDENREICH,

defendant herein, devised, intended to devise, and participated in
a scheme to defraud various individuals and entities of money and
property, and to obtain money and property from these victims by
means of materially false and fraudulent pretenses,
representations, promises and omissions.

3.    It was part of the scheme to defraud that, in
approximately February 2003, defendant OTTO HEIDENREICH entered
into a Residence Lease with Individual A, in which HEIDENREICH
agreed to rent the Milton property.  The lease was for a one-year

period, and HEIDENREICH agreed to pay $1,500 per month in rent to Individual A.

4.   It was further part of the scheme that, after entering the Residence Lease, HEIDENREICH prepared or caused to be prepared a counterfeit Quit Claim Deed, which falsely stated that Individuals A, B, and C conveyed their interest in the Milton property to HEIDENREICH. The counterfeit Quit Claim Deed included forged signatures of Individuals A, B, and C, who had never agreed to convey their interest in the Milton property to HEIDENREICH. HEIDENREICH filed the Quit Claim Deed, or caused it to be filed, with the Cook County Recorder of Deeds.

5.   It was further part of the scheme that HEIDENREICH thereafter entered into a series of financial transactions in which he falsely claimed to own the Milton property, including:   (a) obtaining a $250,000 home equity loan from Cole Taylor Bank; (b) obtaining a $250,000 home equity loan from Mid America Bank, FSB; and (c) obtaining a $200,000 loan from Banco Popular North America. Through these financial transactions, HEIDENREICH obtained loans from three separate banks, then sold the Milton property to Individual D.   In total, HEIDENREICH obtained approximately $930,000 by making misrepresentations concerning his ownership of the Milton property.

2

6.     On or about May 5, 2003, in the Northern District of Illinois, Eastern Division,

OTTO HEIDENREICH,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted in interstate commerce from Arlington Heights, Illinois, to Indianapolis, Indiana, by means of wire and radio communications, certain writings, signs, and signals, namely:     a wire transfer of approximately $221,057 from Village Bank and Trust in Arlington Heights to HEIDENREICH's account at Bank One in Indianapolis, which represented the settlement from HEIDENREICH's sale of the Milton property to Individual D;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.    Paragraph One of Count One is realleged and incorporated herein as if fully set forth.

2.    On or about March 10, 2003, in the Northern District of Illinois, Eastern Division,

### OTTO HEIDENREICH,

defendant herein, knowingly made a false statement to Cole Taylor Bank, a financial institution the accounts of which were then insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of said bank upon an application for a home equity loan to defendant in the amount of $250,000, in that in his loan application, defendant falsely represented that he was the lawful owner of the Milton property, when in fact he knew at the time that he was not the true owner of the Milton property;

In violation of Title 18, United States Code, Section 1014.

4

## COUNT THREE

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.    Paragraph One of Count One is realleged and incorporated herein as if fully set forth.

2.    On or about March 18, 2003, in the Northern District of Illinois, Eastern Division,

### OTTO HEIDENREICH,

defendant herein, knowingly made a false statement to Mid America Bank, FSB, a financial institution the accounts of which were then insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of said bank upon an application for a home equity loan to defendant in the amount of $250,000, in that in the loan document, defendant falsely represented that he was the lawful owner of the Milton property, when in fact he knew at the time that he was not the true owner of the Milton property;

In violation of Title 18, United States Code, Section 1014.

5

## COUNT FOUR

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.    Paragraph One of Count One is realleged and incorporated herein as if fully set forth.

2.    On or about April 8, 2003, in the Northern District of Illinois, Eastern Division,

### OTTO HEIDENREICH,

defendant herein, knowingly made a false statement to Banco Popular North America, a financial institution the accounts of which were then insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the action of said bank upon a loan to defendant in the amount of $200,000, in that in the loan document, defendant falsely represented that he was the lawful owner of the Milton property, when in fact he knew at the time that he was not the true owner of the Milton property;

In violation of Title 18, United States Code, Section 1014.

6

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.    The allegations contained in Counts One through Four of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    As a result of his violations of Title 18, United States Code, Sections 1343 and 1014, as alleged in the foregoing Indictment,

OTTO HEINDENREICH,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3.    The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to:

> (a)    $221,057 obtained from the sale of the Milton property to Individual D;

7

(b)  $250,000 obtained as a home equity loan from Cole Taylor Bank;

(c)  $250,000 obtained as a home equity loan from Mid America Bank, FSB; and

(d)  $200,000 obtained as a home equity loan from Banco Popular North America.

4.  If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

(a)  Cannot be located upon the exercise of due diligence;

(b)  Has been transferred or sold to, or deposited with, a third party;

(c)  Has been placed beyond the jurisdiction of the Court;

(d)  Has been substantially diminished in value; or

(e)  Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

8

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON


_____
UNITED STATES ATTORNEY

9